CV 15                    2480            FILED
                                        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
                                                            2015 APR 30 PM 4: 19
-----------------------------------------------------------------X
A.S., an infant by her mother and natural guardian,             U.S. DISTRICT COURT
RAQUEL ROLON and RAQUEL ROLON, individually,         Docket Number: DISTRICT
                                                                   OF NEW YORK
                                Plaintiffs,
                                              WEINSTEIN, J.

        -against-                                          **PETITION FOR REMOVAL**

WYNDHAM VACATION OWNERSHIP, INC., *i/s/h*,
WYNDHAM VACATION RESORTS, INC., *i/s/h*,       **POLLAK, M.J.**
WORLDMARK TROPICANA RESORT, *i/s/h*,
LAS VEGAS TROPICANA RESORT, *i/s/h*,                 JURY TRIAL DEMANDED
WORLDMARK LAS VEGAS TROPICANA *i/s/h*, and
WORLDMARK BY WYNDHAM, *i/s/h*,                        ECF CASE

                                Defendants.
-----------------------------------------------------------------X

        The defendants, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM

VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT, LAS VEGAS

TROPICANA RESORT, WORLDMARK LAS VEGAS TROPICANA and WORLDMARK BY

WYNDHAM, (hereinafter "defendants"), petitioner for the removal of this action from the

Supreme Court of the State of New York, County of Queens, to the United States District Court,

Eastern District of New York, respectfully shows this Honorable Court:

        1.      Plaintiff originally commenced an action against the above named defendants by

filing a summons and complaint (Exhibit A), in the Supreme Court of the State of New York, in

and for the County of Queens under Index number 702957/15.  The full caption of the Queens

Supreme Court Action is:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
A.S., an infant by her mother and natural guardian,
RAQUEL ROLON and RAQUEL ROLON, individually,              Index Number:  702957/15

Plaintiffs,

-against-

WYNDHAM VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS, INC.,
WORLDMARK TROPICANA RESORT,
LAS VEGAS TROPICANA RESORT,
WORLDMARK LAS VEGAS TROPICANA and
WORLDMARK BY WYNDHAM,

Defendants.

------------------------------------------------------------------------------X

At present, an answer in the above referenced action filed in the Supreme Court, County of

Queens is not yet due, as defendants were only served on April 2, 2015. Defendants were served

by way of process delivered to the Secretary of State for the State of New York, pursuant to New

York Business Corporation Law § 306, et seq.  A copy of the notification generated by the

Secretary of State is attached hereto as Exhibit B.  Pursuant to Fed. R. Civ. P. 81, defendants will

answer or otherwise move within seven days of the filing of this petition for removal.

2.      This is an action of civil nature in which the District Courts of the United States

have been given original jurisdiction in that there exists diversity of citizenship between the

plaintiff and the defendants and the amount in controversy may exceed the sum of $75,000.00

exclusive of interest and costs[1].  Accordingly, there exists original jurisdiction in the District

Courts of the United States as provided in 28 U.S.C. § 1332.

3.      Pursuant to 28 U.S.C. § 1441, the right exists to remove this Civil Action from

the Supreme Court of the State of New York, County of Queens to the United States District

---

[1] Though specifically forbidden by New York C.P.L.R. § 3017(c), plaintiff's complaint contains an *ad damnum*
clause seeking $3 million in damages.

Court for the Eastern District of New York, which embraces the place where this action is currently pending. In her complaint, Plaintiffs seek judgment as a result of personal injuries allegedly sustained on October 25, 2013 at the "premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada." *See*, Plaintiff's Complaint attached hereto as Exhibit A at ¶21.

4.      This action involves a controversy between citizens of different states. The Plaintiff, allegedly, is now and was at commencement of the action, a citizen and resident of the County of Queens, State of New York. *Id*. at ¶ 1. WYNDHAM VACATION OWNERSHIP, INC. is a Delaware Corporation with its principal place of business in Orlando Florida. WYNDHAM VACATION RESORTS, INC. is a Delaware Corporation with its principal place of business in Orlando Florida. WORLDMARK TROPICANA RESORT is not a legal entity of any sort and does not exist in any corporate form in any United States jurisdiction that is known to the defendants. Defendant will seek to dismiss the claims against this entity upon granting of the instant petition for removal. LAS VEGAS TROPICANA RESORT is not a legal entity of any sort and does not exist in any corporate form in any United States jurisdiction that is known to the defendants. Defendant will seek to dismiss the claims against this entity upon granting of the instant petition for removal. WORLDMARK LAS VEGAS TROPICANA is not a legal entity of any sort and does not exist in any corporate form in any United States jurisdiction that is known to the defendants. Defendant will seek to dismiss the claims against this entity upon granting of the instant petition for removal. WORLDMARK BY WYNDHAM is not a legal entity of any sort and does not exist in any corporate form in any United States jurisdiction that is known to the defendants. Upon information and belief, it is a "doing business as" or "d/b/a" for an entity that

is not named as a defendant in this action. Defendant will seek to dismiss the claims against this entity upon granting of the instant petition for removal. Upon the foregoing, it is submitted that there exists complete diversity of citizenships between all defendants and plaintiff(s).

5.     The amount in controversy is not permitted to be a part of the initial pleadings in a lawsuit venued in the Supreme Court of the State of New York pursuant to the directives set forth under New York C.P.L.R. § 3017(c). Notwithstanding the prohibition against setting forth a specific amount in controversy or an *ad damnum* clause in the complaint; plaintiff asserts that the amount in controversy is $3 million dollar. *See*, Plaintiff's Complaint attached hereto as Exhibit A at ¶ titled "Wherefore."

6.     The instant petition is being filed within thirty days of learning of this information pursuant to 28 U.S.C. § 1446(b). This action is also being removed within a year of commencement of the Action pursuant to 28 U.S.C. § 1446(b). No party to this action is prejudiced by removing the Action. Defendants' time to Answer the complaint in the State Supreme Court has not expired. Pursuant to New York C.P.L.R. 3012(c), where defendants are served by process delivered to the Secretary of State, the time to Answer shall be extended to thirty-days from the date of delivery of the papers. As such, Defendants time to answer has not expired. Defendants will answer and/or serve responsive pleadings, consistent with Fed. R. Civ. P. 81.

7.     28 U.S.C. § 1446(a) requires that all "process, pleadings and orders" served in the action be annexed as exhibits to the petition for removal. At this juncture, those documents included only the complaint and the notice of this action provided by the New York Secretary of State (attached as Exhibits A and B respectively).

8.      By reason of the foregoing, Defendants desire and are entitled to have this action removed from the Supreme Court of the State of New York, County of Queens to the United States District Court for the Eastern District of New York, such being the District where said suit is pending.

9.      Concurrent with the filing and service of this Petition for Removal, Defendant is serving this Petition for Removal upon the Plaintiff's attorney, and filing a copy of this Petition for Removal with the clerk of the Court for the Supreme Court of the State of New York, County of Queens.

10.      The undersigned attorney is admitted to practice before the Bar of this Court, the Eastern District of New York and is familiar with its rules and practices.  The undersigned attests that this petition is not frivolously made and has merit.  The undersigned attorney for the petitioner has reviewed Fed. R. Civ. P. 11 and this filing complies fully with the requirements set forth therein.

WHEREFORE, the defendants WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT, LAS VEGAS TROPICANA RESORT, WORLDMARK LAS VEGAS TROPICANA and WORLDMARK BY WYNDHAM respectfully request that the instant petition for removal be granted and that the above entitled action be removed from the State Supreme Court, County of Queens to the United States District Court in the Eastern District of New York

Dated: Albertson, New York
      April 30, 2015      By:     _____

          Kenneth B. Danielsen, Esq. (KD 9176)
          AHMUTY, DEMERS & McMANUS, ESQS.
          *Attorneys for Defendants*
          200 I.U. Willets Road

Albertson, NY  11507
Tel: (516) 294-5433


To:   Law offices of S. David Olarsch
      *Attorneys For Plaintiffs*
      160 Broadway, Suite 500
      New York, New York 10038
      (212) 267-7565

Case 1:15-cv-02480-CLP Document 1 Filed 04/30/15 Page 8 of 38 PageID #: 8

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS**

-------------------------------------------x

A.S., an infant by her
mother and natural guardian,
RAQUEL ROLON and RAQUEL ROLON,
Individually,

Index No.: 702957/15

Date Filed: 3-29-15

                    Plaintiffs,

*Plaintiff designates
Queens County as
the place of trial
The basis of venue is the
residence of the
Plaintiffs*

        -against-

**SUMMONS**

WYNDHAM VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS, INC.,
WORLDMARK TROPICANA RESORT,
LAS VEGAS TROPICANA RESORT,
WORLDMARK LAS VEGAS TROPICANA
and WORLDMARK BY WYNDHAM,

                    Defendants.

*Plaintiffs reside at
2594 42nd Street, Apt. 1
County of Queens*

-------------------------------------------x

*To the above named Defendants:*

    **YOU ARE HEREBY SUMMONED** *to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint
is not served with this summons, to appear in this action by
serving a notice of appearance, on the Plaintiff's Attorney(s)
within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to
appear or answer, judgement will be taken against you by default
for the relief demanded in the complaint.*

*Dated, March 30, 2015*

*Defendants' Addresses:*

See Attached Rider

                         S. DAVID OLARSCH, ESQ., P.C.
                         Attorney for Plaintiffs

By: _____
          Law Offices of S. David Olarsch, P.C
          Post Office Address
          160 Broadway - Suite 500
          New York, New York 10038
          (212)267-7565

# RIDER

WYNDHAM VACATION OWNERSHIP, INC.
C/O Corporate Creations Network Inc.
15 North Mill Street
Nyack, New York 10960
Via Secretary of State

WYNDHAM VACATION RESORTS, INC.
C/O Corporate Creations Network Inc.
15 North Mill Street
Nyack, New York 10960
Via Secretary of State

WORLDMARK TROPICANA RESORT
6277 Sea Harbor Drive
Orlando, Fl. 32821
Via Secretary of State

LAS VEGAS TROPICANA RESORT
5275 West Tropicana Avenue
Las Vegas, NV 89103
Via Secretary of State

WORLDMARK LAS VEGAS TROPICANA
5275 West Tropicana Avenue
Las Vegas, NV 89103
Via Secretary of State

WORLDMARK BY WYNDHAM
5275 West Tropicana Avenue
Las Vegas, NV 89103
Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK     Index No.: 702957/15
COUNTY OF QUEENS
--------------------------------------------x
A.S., an infant by her
mother and natural guardian,
RAQUEL ROLON and RAQUEL ROLON,
Individually,

                                    **VERIFIED COMPLAINT**

              *Plaintiffs,*

         -against-

WYNDHAM VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS, INC.,
WORLDMARK TROPICANA RESORT,
LAS VEGAS TROPICANA RESORT,
WORLDMARK LAS VEGAS TROPICANA
and WORLDMARK BY WYNDHAM,

              *Defendants.*
--------------------------------------------x

         Plaintiffs, complaining of the defendants herein, by
their attorney, S. DAVID OLARSCH, ESQ., P.C., respectfully sets
forth and alleges as follows:


### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF INFANT PLAINTIFF


         1.    That at the time of the commencement of this
action, plaintiffs were residents of the County of Queens, City
and State of New York.

         2.    That at all times herein mentioned, defendant
WYNDHAM VACATION OWNERSHIP, INC. was and still is a domestic
corporation, organized and existing under and by virtue of the
Laws of the State Of New York or a State presently unknown to the
Plaintiff.

                                                           3

3. That at all times herein mentioned, defendant WYNDHAM VACATION OWNERSHIP, INC. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State Of New York.

4. That at all times herein mentioned, defendant WYNDHAM VACATION OWNERSHIP, INC. was an entity duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, defendant WYNDHAM VACATION RESORTS, INC. was and still is a domestic corporation, organized and existing under and by virtue of the Laws of the State Of New York or a State presently unknown to the Plaintiff.

6. That at all times herein mentioned, defendant WYNDHAM VACATION RESORTS, INC. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State Of New York.

7. That at all times herein mentioned, defendant WYNDHAM VACATION RESORTS, INC. was an entity duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times herein mentioned, defendant WORLDMARK TROPICANA RESORT was and still is a domestic corporation, organized and existing under and by virtue of the Laws of the State Of New York or a State presently unknown to the Plaintiff.

4

9. That at all times herein mentioned, defendant WORLDMARK TROPICANA RESORT was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State Of New York.

10. That at all times herein mentioned, defendant WORLDMARK TROPICANA RESORT was an entity duly organized and existing under and by virtue of the laws of the State of New York.

11. That at all times herein mentioned, defendant LAS VEGAS TROPICANA RESORT was and still is a domestic corporation, organized and existing under and by virtue of the Laws of the State Of New York or a State presently unknown to the Plaintiff.

12. That at all times herein mentioned, defendant LAS VEGAS TROPICANA RESORT was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State Of New York.

13. That at all times herein mentioned, defendant LAS VEGAS TROPICANA RESORT was an entity duly organized and existing under and by virtue of the laws of the State of New York.

14. That at all times herein mentioned, defendant WORLDMARK LAS VEGAS TROPICANA was and still is a domestic corporation, organized and existing under and by virtue of the Laws of the State Of New York or a State presently unknown to the Plaintiff.

15. That at all times herein mentioned, defendant WORLDMARK LAS VEGAS TROPICANA was and still is a foreign

5

corporation authorized to do business under and by virtue of the Laws of the State Of New York.

16. That at all times herein mentioned, defendant WORLDMARK LAS VEGAS TROPICANA was an entity duly organized and existing under and by virtue of the laws of the State of New York.

17. That at all times herein mentioned, defendant WORLDMARK BY WYNDHAM was and still is a domestic corporation, organized and existing under and by virtue of the Laws of the State Of New York or a State presently unknown to the Plaintiff.

18. That at all times herein mentioned, defendant WORLDMARK BY WYNDHAM was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State Of New York.

19. That at all times herein mentioned, defendant WORLDMARK BY WYNDHAM was an entity duly organized and existing under and by virtue of the laws of the State of New York.

20. That at all times herein mentioned, defendants, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT, LAS VEGAS TROPICANA RESORT, WORLDMARK LAS VEGAS TROPICANA and/or WORLDMARK BY WYNDHAM conducted and transacted business in the State of New York.

21. On the date of the accident, October 25, 2013, the infant plaintiff was at the location of the accident, the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada at the invitation of and/or with the knowledge,

6

permission and consent of the defendants.

22.   That at all times herein mentioned defendant WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees owned the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

23.   That at all times herein mentioned defendant WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees operated the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

24.   That at all times herein mentioned defendant WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees maintained the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

25.   That at all times herein mentioned defendant WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees controlled the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

26.   That at all times herein mentioned defendant

7

WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees managed the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

27. That at all times herein mentioned defendant WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees leased the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

28. That at all times herein mentioned defendant WYNDHAM VACATION OWNERSHIP, INC. its agents, servants and/or employees supervised the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

29. The above mentioned occurrence and the results thereof were caused by the negligence, carelessness and recklessness of the defendant WYNDHAM VACATION OWNERSHIP, INC. servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment.

30. That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC. its agents, servants and/or

8

employees owned the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

31.   That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC. its agents, servants and/or employees operated the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

32.   That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC. its agents, servants and/or employees maintained the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

33.   That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC. its agents, servants and/or employees controlled the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

34.   That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC. its agents, servants and/or employees managed the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including fitness center

9

within said premises and the equipment located within said premises.

36. That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC. its agents, servants and/or employees leased the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

36. That at all times herein mentioned defendant WYNDHAM VACATION RESORTS, INC.. its agents, servants and/or employees supervised the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

37. The above mentioned occurrence and the results thereof were caused by the negligence, carelessness and recklessness of the defendant WYNDHAM VACATION RESORTS, INC. servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment.

38. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees owned the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

10

39. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees operated the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

40. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees maintained the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

41. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees controlled the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

4235. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees managed the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

43. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees leased the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within

11

said premises and the equipment located within said premises.

44. That at all times herein mentioned defendant WORLDMARK TROPICANA RESORT its agents, servants and/or employees supervised the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

45. The above mentioned occurrence and the results thereof were caused by the negligence, carelessness and recklessness of the defendant WORLDMARK TROPICANA RESORT servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment.

46. That at all times herein mentioned defendant LAS VEGAS TROPICANA RESORT its agents, servants and/or employees owned the premises or building known as and by and located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

47. That at all times herein mentioned defendant LAS VEGAS TROPICANA RESORT its agents, servants and/or employees operated the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

48. That at all times herein mentioned defendant LAS

12

VEGAS TROPICANA RESORT its agents, servants and/or employees maintained the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including and fitness center within said premises and the equipment located within said premises.

49. That at all times herein mentioned defendant LAS VEGAS TROPICANA RESORT its agents, servants and/or employees controlled the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

50. That at all times herein mentioned defendant LAS VEGAS TROPICANA RESORT its agents, servants and/or employees managed the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

51. That at all times herein mentioned defendant LAS VEGAS TROPICANA RESORT its agents, servants and/or employees leased the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

52. That at all times herein mentioned defendant LAS VEGAS TROPICANA RESORT its agents, servants and/or employees supervised the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said

13

premises.

53.    The above mentioned occurrence and the results thereof were caused by the negligence, carelessness, recklessness and gross negligence of the defendant LAS VEGAS TROPICANA RESORT servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment:

54.    That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees owned the premises or building known as and by and located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

55.    That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees operated the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

56    That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees maintained the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including and fitness center within said premises and the equipment located within said premises.

14

57. That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees controlled the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

58. That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees managed the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

59. That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees leased the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

60. That at all times herein mentioned defendant WORLDMARK LAS VEGAS TROPICANA its agents, servants and/or employees supervised the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

61. The above mentioned occurrence and the results thereof were caused by the negligence, carelessness, recklessness

15

and gross negligence of the defendant WORLDMARK LAS VEGAS TROPICANA servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment.

62. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees owned the premises or building known as and by and located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

63. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees operated the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

64. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees maintained the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including and fitness center within said premises and the equipment located within said premises.

65. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees controlled the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center

16

within said premises and the equipment located within said premises.

66. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees managed the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

67. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees leased the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

68. That at all times herein mentioned defendant WORLDMARK BY WYNDHAM its agents, servants and/or employees supervised the premises/hotel/resort located at 5275 West Tropicana Avenue, Las Vegas, Nevada, including the fitness center within said premises and the equipment located within said premises.

69. The above mentioned occurrence and the results thereof were caused by the negligence, carelessness, recklessness and gross negligence of the defendant WORLDMARK BY WYNDHAM servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment.

17

70. That on the 25th day of October 2013, while the infant plaintiff was lawfully present at the hotel/resort, known as and by Worldmark Las Vegas Tropicana, located at 5275 West Tropicana Avenue, Las Vegas, Nevada, the infant plaintiff was permitted to gain access to the fitness center 1) as it was unsecured and unlocked and 2) the treadmill key was left in the treadmill making it fully operational; said infant was injured on the treadmill and did sustain severe and serious injuries.

71. That the said defendants WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT, LAS VEGAS TROPICANA RESORT, WORLDMARK LAS VEGAS TROPICANA and/or WORLDMARK BY WYNDHAM, at all times herein mentioned under a duty to keep the aforementioned hotel/resort/premises/fitness center, in a safe proper and secure manner, in good repair and free form danger and injury.

72. That on the 25th day of October, 2013, said defendants, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT, LAS VEGAS TROPICANA RESORT, WORLDMARK LAS VEGAS TROPICANA and/or WORLDMARK BY WYNDHAM, their(its) agents, servants, employees and/or persons for which the Defendant is vicariously liable breached that duty owed to plaintiffs.

73. The defendants, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT, LAS VEGAS TROPICANA RESORT, WORLDMARK LAS VEGAS TROPICANA and/or WORLDMARK BY WYNDHAM their agents, servants and/or

18

employees, departments, agencies and those acting under their directions behest and control were negligent, careless, and reckless in their ownership, operation, management, maintenance, supervision, control, direction, instruction of the aforesaid premises, employees and equipment; in failing to prevent injury to said claimant, in failing to provide adequate security; in failing to provide adequate locks; in failing to provide any locks; in failing to provide any lock codes; in failing to provide any warnings; in leaving the fitness center unlocked, unguarded, unsupervised; creating an attractive nuisance that drew the infant plaintiff from the lobby desk upon arrival to the fitness center; failing to restrict access to the treadmill in leaving the activation key in treadmill so it was fully operational; failing to secure the treadmill key; providing the keys; in failing to keep the fitness center secure and safe; failing to properly supervise agents, servants and/or employees; in failing to properly instruct employees regarding access to the fitness center and treadmill; in failing to hire efficient and/or sufficient personnel in connection with the operation, management, control, supervision of said fitness center; in failing to hire sufficient and/or the appropriate amount, number and/or type of personnel in connection with the operation, management, control, supervision of said fitness center; in failing to properly and/or adequately supervise the activities provided by and/or at said fitness center; in failing to promulgate proper and/or adequate rules and regulations governing

19

the proper supervision to be provided and rendered by those agents, servants and/or employees hired to operate, manage, control, supervise, teach at and/or run said fitness center; in failing to promulgate proper and/or adequate rules and/or regulations governing the proper care, guidance and/or supervision to be provided and rendered to those utilizing said fitness center; in failing to properly and/or adequately monitor the care, guidance and/or supervision provided at said fitness center; in failing to properly and/or adequately provide guidance for and/or supervise the infant claimant herein; in failing to properly and/or adequately monitor and/or supervise the activities in which the infant claimant had access to on the day of the incident; in failing to provide safe and proper equipment; in failing to insure that said fitness center provided those in its charge and utilizing its facility with a safe and proper environment and the respondent was otherwise negligent, careless, and reckless in the premises.

74.    That this occurrence and the injuries sustained by this infant plaintiff were caused wholly and solely by the negligence of the defendants, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT and LAS VEGAS TROPICANA RESORT, its agents, servants, employees and/or persons for which the defendant(s) are vicariously liable herein without any fault of the plaintiff.

75.    The aforesaid occurrence and resulting injuries to infant plaintiff were due to the negligent hiring, training,

20

supervision and retention of the defendants' employees.

76. That as a result of the foregoing, the infant plaintiff, was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same, became sick, sore, lame and disabled; suffered injuries to her nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff was otherwise damaged and upon information and belief will be compelled to do so in the future.

77. That upon information and belief, defendants WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WORLDMARK TROPICANA RESORT and LAS VEGAS TROPICANA RESORT, their(its) agents, servants, employees and/or persons for which the defendant(s) are vicariously had actual and constructive notice of the dangerous and defective conditions.

78. That this action falls within one or more of the exceptions set forth in Article/Section 1600 of the CPLR.

79. That as a result of the foregoing, this plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

21

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF RAQUEL ROLON

80. That at all times hereinafter mentioned, plaintiff **RAQUEL ROLON** repeats, reiterates and realleges each and every allegation contained herein as though same more fully set forth herein at length.

81. Plaintiff **RAQUEL ROLON**, is the mother and natural guardian of infant plaintiff, and as such is entitled to the love, companionship and support of the infant plaintiff.

82. That by reason of the foregoing plaintiff **RAQUEL ROLON** was deprived of the love, companionship and support of infant plaintiff in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF RAQUEL ROLON

83. That at all times hereinafter mentioned, plaintiff **RAQUEL ROLON** repeats, reiterates and realleges each and every allegation contained herein as though same more fully set forth herein at length.

84. That plaintiff, **RAQUEL ROLON**, is the mother and natural guardian of infant plaintiff, and as such sustained/incurred medical expenses, out of pocket expenses, loss of earnings and other related expenses and may, in the future,

22

incur further expenses due to the recklessness and/or negligence of the defendant herein.

85. That by reason of the foregoing, plaintiff **RAQUEL ROLON** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, for the first cause of action the infant plaintiff demands judgment against the defendants in the sum of TWO MILLION and 00/100 DOLLARS ($2,000,000.00) and for the second cause of action the plaintiff **RAQUEL ROLON** demands judgment against the defendants in the sum of ONE MILLION and 00/100 DOLLARS ($1,000,000.00) and for the third cause of action the plaintiff **RAQUEL ROLON** demands judgment against the defendants in the sum of ONE MILLION and 00/100 DOLLARS ($1,000,000.00) all together with the costs and disbursements of this action.

Law Offices of S. David Olarsch, P.C.
Sacks David Olarsch, Esq.
Attorney for Plaintiffs
160 Broadway - Suite 500
New York, New York 10038
(212) 267-7565

23

## ATTORNEY'S VERIFICATION

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of plaintiff(s) is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated: New York, New York
       March 30, 2015

Sacks David Olarsch

24

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
------------------------------------------------------X
A.S. an infant by her m/n/g Raquel Rolon
& Raquel Rolon

     Plaintiff(s)/Petitioner(s),    Index No. 702957/15

    - against -
Wyndham Vacation Ownership, Inc. et. al.

     Defendant(s)/Respondent(s).
------------------------------------------------------X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned

above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing

System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described

below.  Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can

electronic service be made upon a party unless that party has consented to use of the System for the case in question.

Each party served with this Notice must promptly file with the court and serve on all other parties either a consent

or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2

below.)

### General Information

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with

the County Clerk and the court and served, between or among consenting parties,  by posting the documents on the

NYSCEF Website, which can be done at any time of the day or night on any day of the week.  There is no fee to

use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge

to print documents from the docket.  Normal filing fees must be paid, but this can be done by credit or bank card

on-line.  For additional procedures and information, see Uniform Rule 202.5-b,  any e-filing protocol that may have

been promulgated by the court in question, and  the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 3/30/2015

_____ (Signature)

S. DAVID OLARSCH _____ (Name)

LAW OFFICE OF S. DAVID OLARSCH (Firm)

160 BROADWAY - SUITE 500   (Address)

NEW YORK, NY 10038

Attorney(s) for PLAINTFFS

**(212)267-7565** _____ (Phone)

**(212)267-7571** _____ (Fax)

OLARSCHLAW@GMAIL.COM ___ (E-mail)

6/4/14

2

Index No.  702957/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

A.S., an infant by her mother and
natural guardian, RAQUEL ROLON
and RAQUEL ROLON, Individually,

      *Plaintiffs,*

    *-against-*

WYNDHAM VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS, INC.,
WORLDMARK TROPICANA RESORT,
LAS VEGAS TROPICANA RESORT,
WORLDMARK LAS VEGAS TROPICANA
and WORLDMARK BY WYNDHAM

      *Defendants.*

---

**SUMMONS AND COMPLAINT**

---

**LAW OFFICES OF S. DAVID OLARSCH, P.C.**
*Attorneys for Plaintiff(s)*
**160 Broadway - Suite 500**
**New York, New York 10038**
**(212)267-7565**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to
practice in the courts of the State of New York, certifies that, upon
information and belief and after reasonable inquiry, the contentions
contained in the annexed document are not frivolous.

---

Date: March 30, 2015

        Signature: _____
           SACKS DAVID OLARSCH

Law Offices of S. David Olarsch, P.C.
Attorneys for Plaintiff(s)
160 Broadway - Suite 500
New York, New York 10038

25

Case 1:15-cv-02480-CLP    Document 1    Filed 04/30/15    Page 35 of 38 PageID #: 35

APR 1 3 2015

EXHIBIT B

State of New York - Department of State
Division of Corporations

Party Served:                              Plaintiff/Petitioner:
 WYNDHAM VACATION RESORTS, INC.            A.S.

C/O CORPORATE CREATIONS NETWORK INC.
15 NORTH MILL STREET
NYACK,   NY 10960

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 04/02/2015 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

                                         Very truly yours,
                                    Division of Corporations

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410

April 14, 2015

Wyndham Vacation Resorts, Inc.
Jeffrey R. Cohen Senior Vice President, Legal
Wyndham Vacation Ownership, Inc.
6277 Sea Harbor Drive
ORLANDO  FL  32821

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2015-669**

| | | |
|---|---|---|
| 1. | **Client Entity:** | Wyndham Vacation Resorts, Inc. |
| 2. | **Title of Action:** | A.S., an infant by her mother and natural guardian, Raquel Rolon and Raquel Rolon Individually vs. Wyndham Vacation Ownership, Inc., et al. |
| 3. | **Document(s) Served:** | Letter<br>Summons<br>Rider<br>Verified Complaint |
| 4. | **Court/Agency:** | Queens County Supreme Court |
| 5. | **State Served:** | New York |
| 6. | **Case Number:** | 702957/15 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Monday 4/13/2015 |
| 10. | **Date to Client:** | Tuesday  4/14/2015 |
| 11. | **# Days When Answer Due:** See Notes<br>**Answer Due Date:** See Notes | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Sacks David Olarsch, Esq.<br>New York, NY<br>(212) 267-7565 |
| 13. | **Shipped to Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 331 |
| 16. | **Notes:** | Please note that this document was served upon the Secretary of State on 04/02/2015 and Corporate Creations received it on 04/13/2015 |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410   Tel:    Fax: (561) 694-1639
www.CorporateCreations.com